UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD J. WILSON,<br>CDCR #B93800,<br><br>                              Plaintiff,<br><br>       vs.<br><br>J. SANTANA, et al.,<br><br>                              Defendants. | Case No.:  3:23-cv-00250-RBM-DDL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE** |

      Gerald J. Wilson ("Plaintiff" or "Wilson"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983 in this Court on February 6, 2023.  (Doc. 1.)  The Court granted Wilson IFP status and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  (Doc. 7.)  The Court found Wilson's First and Eighth Amendment claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian were barred by the statute of limitations (*id.* at 9–11) and Plaintiff failed to state a First Amendment claim against Defendants Dole and Miguel (*id.* at 11–13) but Plaintiff had stated an Eighth Amendment claim against Defendant Miguel (*id.* at 11–12).  Defendants Castro, Igbinosa, Montes, Bojorquez, Rimbach, Bacomfield, Rhordanz, Zepp, Furlong, Eaken, Rowland, Garcia, Ackvendo, and Geiwitz were dismissed without prejudice and without leave to amend in

this action because they were improperly joined pursuant to Federal Rule of Civil Procedure 18 and 20. (*Id.* at 13–15.)

Wilson was given forty-five (45) days leave from the date of the Order in which to either: (1) notify the Court of his intention to proceed with his Eighth Amendment excessive force claim alleged in his original Complaint against Defendant Miguel only; or (2) file an Amended Complaint which cured all the deficiencies of pleading noted in the Court's dismissal Order with respect to his First and Eighth Amendment claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Miguel, and Dole only. (*Id.* at 17–18.) The Court's Order explicitly warned Wilson that if he failed to choose either of those options within 45 days, the Court would enter an Order dismissing his case based both on his failure to state a claim and his failure to prosecute in compliance with a court order. (*Id.* at 18 (citing 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1), and *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).)

The Court's direction and warning were clear and explicit, and the deadline for Wilson to respond to the Court's Order has passed. (Doc. 7 at 18 (June 5, 2023 Order granting Wilson 45 days), 19 (warning Wilson if he did not choose an option within 45 days the dismissal would be entered).) The Court has received no filing or communication from Wilson as required by the Court's Order.

The Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order); *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal."

*Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) (Explaining that when plaintiffs fail to take any action when given an opportunity to amend or be dismissed "resources continue to be consumed by a case sitting idly on the court's docket.").

Given the Court ordered Wilson to respond, warned him that a lack of response would result in dismissal, and that he did not respond by the Court ordered deadline or since, the Court **DISMISSES** this civil action in its entirety. The Court **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE