UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD J. WILSON, CDCR #B93800,<br><br>         Plaintiff,<br><br>vs.<br><br>J. SANTANA, et al.,<br><br>         Defendants. | Case No.: 3:23-cv-00250-RBM-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR RECONSIDERATION [Doc. 10]; and**<br><br>**(2) EXTENDING TIME FOR PLAINTIFF TO RESPOND TO COURT ORDER** |

  Gerald J. Wilson ("Plaintiff" or "Wilson"), filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983 in this Court on February 6, 2023. (Doc. 1.)  On June 5, 2023, the Court granted Wilson IFP status and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, dismissing Defendants Castro, Igbinosa, Motes, Bojorquez, Rimbach, Bacomfield, Rhordanz, Zepp, Furlong, Eaken, Rowland, Garcia, Ackvendo, and Geiwitz without prejudice and without leave to amend in this action because they were improperly joined pursuant to Federal Rule of Civil Procedure 18 and 20.  (Doc. 7.)  The Court also concluded Wilson's First and Eighth Amendment claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian were barred by the statute of limitations and he had failed to state a First Amendment claim against Defendants Dole and Miguel, but found

he had stated an Eighth Amendment claim against Defendant Miguel.  (*Id.*)  Wilson was given forty-five (45) days leave from the date of the Order in which to either notify the Court of his intention to proceed with his Eighth Amendment excessive force claim alleged in his original Complaint against Defendant Miguel only, or file an Amended Complaint which cured all the deficiencies of pleading noted in the Court's dismissal Order with respect to his First and Eighth Amendment claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Miguel, and Dole only.  (*Id.*)  Wilson was also warned that if he failed to choose either of those options within 45 days, the Court would enter an Order dismissing his case based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1), and his failure to prosecute in compliance with a court order.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."); S.D. Cal. CivLR 41.1.

After receiving no response from Wilson, on August 25, 2023 the Court issued an Order dismissing this action for failure to comply with the Court's June 5, 2023 Order and for failing to prosecute.  (Doc. 8.)  Then, on September 11, 2023, Wilson filed a Motion for Reconsideration informing the Court that he did not receive the Court's June 5, 2023 Order and asking this Court to vacate its dismissal order.  (Doc. 10.)

A motion for reconsideration may be brought under Federal Rule of Civil Procedure 60(b).  Rule 60(b) permits relief from a judgment for: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment, a judgment which is "based on an earlier judgment which has been reversed or vacated," or a judgment which is no longer equitable; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Here, Wilson has satisfied subsection 1 by sufficiently alleging "excusable neglect" because he did not receive the Court's June 5, 2023 Order.

///

Accordingly, the Court:

(1)     **GRANTS** Wilson's Motion for Reconsideration (Doc. 10.)

(2)     **DIRECTS** the Clerk of Court to mail Plaintiff a copy of the Court's June 5, 2023 Order (Doc. 7);

(3)     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either:

    (a)     Notify the Court of his intention to proceed with his Eighth Amendment excessive force claim alleged in his original Complaint against RJD Defendant Miguel only; or

    (b)     File an Amended Complaint which cures all the deficiencies of pleading noted in this Order with respect to his First and Eighth Amendment claims against RJD Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Miguel, and Dole *only*. Plaintiff is cautioned that should he choose this course, his Amended Complaint must be clearly entitled "First Amended Complaint," include Civil Case No. 3:23-cv-00250-RBM-DDL in its caption, and be complete by itself without reference to his original Complaint. Any Defendant not re-named and any claim not re-alleged in the Amended Complaint, including those which he alleged in his original Complaint, will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to choose either of these options within 45 days, the Court will enter an Order dismissing his case based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1), and his failure to prosecute in compliance with a court order. *See Lira v. Herrera*, 427 F.3d at 1169 ("If a

plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."); S.D. Cal. CivLR 41.1; *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (finding *sua sponte* dismissal pursuant to Federal Rule of Civil Procedure 41(b) proper where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but "[does] *nothing*.") (citations omitted; emphasis in original).

The Clerk of Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Amended Complaint form with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  September 14, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE