UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GERALD J. WILSON,
CDCR #B93800,

Plaintiff,

vs.

J. SANTANA, et al.,

Defendants.

Case No.:  3:23-cv-00250-RBM-DDL

**ORDER:**

**(1) DISMISSING ALL CLAIMS AGAINST DEFENDANTS SANTANA, FRIJAS, ORTIZ, VAN BUREN, CASIAN, CASTRO, IGBINOSA, MONTES, BOJORQUEZ, RIMBACH, BACOMFILED, RHORDANZ, ZEPP, FURLONG, EAKEN, ROWLAND, GARCIA, ACKVENDO, GEIWITZ, and DOLE;**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT [Doc. 1] AND SUMMONS UPON DEFENDANT MIGUEL PURSUANT TO 28 U.S.C. § 1915(d) & FED. R. CIV. P. 4(c)(3)**

Plaintiff Gerald J. Wilson ("Plaintiff" or "Wilson"), currently incarcerated at R.J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se,

1

1  filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 6, 2023.  (*See*

2  "Compl.," Doc. 1 at 1.[1])  Plaintiff alleged nearly two dozen doctors, health care workers,

3  correctional and appeals officials violated his First and Eighth Amendment rights while he

4  was incarcerated at RJD in San Diego, Kern Valley State Prison ("KVSP"), in Delano,

5  California, and California State Prison Los Angeles County ("LAC"), in Lancaster,

6  California, from June 2018 through September 2022.  (*Id*. at 10–55.)  He sought $5 million

7  in general and punitive damages, and injunctive relief enjoining defendants from refusing

8  to enforce the Americans With Disabilities Act ("ADA").  (*Id.* at 56–57.)  The Court

9  dismissed the action on February 14, 2023 because Plaintiff did not pay the civil filing fee

10  or file a motion to proceed in forma pauperis.  (Doc. 4.)

11        On March 24, 2023, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP")

12  pursuant to 28 U.S.C. § 1915(a).  (Doc. 5.)  On June 5, 2023, the Court granted the IFP

13  motion and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1914A(b),

14  concluding Plaintiff had stated an Eighth Amendment claim against Defendant S. Miguel

15  ("Defendant Miguel") but had failed to state a claim as to the remaining Defendants.  (Doc.

16  7.)  Plaintiff was given the option of filing an amended complaint that cured the deficiencies

17  of pleading outlined in the dismissal order, or to notify the Court of his intent to proceed

18  with his Eighth Amendment claim against Defendant Miguel only.  (*Id.* at 17–18.)

19        On August 25, 2023, the Court dismissed this action for failure to prosecute because

20  Plaintiff had not filed an amended complaint or indicated his intention to proceed only with

21  his Eighth Amendment claim against Defendant Miguel.  (Doc. 8 at 3.)  On September 6,

22  2023, Plaintiff filed a Motion for Reconsideration indicating he had not received the

23  Court's June 5, 2023 Order and requesting the Court vacate the dismissal for failure to

24  prosecute.  (Doc. 10.[2])  The Court granted the Motion and extended Plaintiff's time to

25

26

27  [1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

28  [2] On September 11, 2023, Plaintiff filed a Notice of Appeal as to the Court's June 5, 2023 Order.  (Doc. 11.)  The Ninth Circuit Court of Appeals dismissed the appeal after the

either file an amended complaint or notify the Court of his intention to proceed only with his Eighth Amendment claim against Defendant Miguel. (Doc. 12 at 3.)

On September 28, 2023, Plaintiff advised the Court he wished to proceed only with his Eighth Amendment claim against Defendant Miguel. (Doc. 15.) Therefore, Plaintiff's claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Castro, Igbinosa, Montes, Bojorquez, Rimbach, Bacomfield, Rhordanz, Zepp, Furlong, Eaken, Rowland, Garcia, Ackvendo, Geiwitz, and Dole remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for the reasons explained in the Court's June 5, 2023 Order. Plaintiff's Eighth Amendment claim against Defendant Miguel for slamming his leg and wheelchair in the yard door is "sufficient to meet the low threshold for proceeding past the screening stage." *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). Accordingly, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), the Court:

1) **DISMISSES** all claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Castro, Igbinosa, Montes, Bojorquez, Rimbach, Bacomfield, Rhordanz, Zepp, Furlong, Eaken, Rowland, Garcia, Ackvendo, Geiwitz, and Dole for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc 1) upon Defendant Miguel and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendant Miguel. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Defendant Miguel may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

_____

Court granted Plaintiff's Motion for Reconsideration and allowed him to proceed with his Eighth Amendment claim as to Defendant Miguel. (Doc. 16.)

3)      **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint [Doc. 1] and summons upon Defendant Miguel at the address provided by Plaintiff on the USM Form 285 provided, and to file an executed waiver of personal service upon Defendant Miguel with the Clerk of Court as soon as possible after its return.  Should Defendant Miguel fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to Defendant Miguel, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if Defendant Miguel is located within the United States, and fails without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant Miguel any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4)      **ORDERS** Defendant Miguel, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

5)      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Miguel, or if appearance has been entered by counsel, upon Defendant Miguel's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant Miguel or his counsel, and the date of that service.  *See* S.D. Cal.

CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of service upon Defendant Miguel or his counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated:  November 7, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:23-cv-00250-RBM-DDL