UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD J. WILSON,<br>CDCR #B93800,<br><br>         Plaintiff,<br><br>  vs.<br><br>J. SANTANA, et al.,<br><br>         Defendants. | Case No.: 3:23-cv-00250-RBM-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR PRELIMINARY INJUNCTION [Doc. 19];**<br><br>**(2) DENYING MOTION FOR DEFAULT [Doc. 25] and**<br><br>**(3) DIRECTING CLERK TO PROVIDE PLAINTIFF A NEW IFP PACKAGE FOR SECOND ATTEMPT TO SERVE DEFENDANT MIGUEL BY U.S. MARSHAL** |

  Plaintiff Gerald J. Wilson ("Plaintiff" or "Wilson"), currently incarcerated at R.J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed "Motion for Plaintiff's Request for Preliminary Injunction Relief Due to Continuous Interference of Plaintiff's Access to the Court's and Prevent Grievance Threatened Injury that Would Impair Court's Ability to Grant Plaintiff Effective Relief to

1

3:23-cv-00250-RBM-DDL

Pending Civil Action" (Doc. 19 (hereinafter, "Motion for Injunctive Relief")). Plaintiff has also filed a "Inquiry Concerning Motion for Entry of Default and Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(a), 55(b)(1)" (hereinafter, "Motion for Default"). (Doc. 25.) For the reasons set forth below, Plaintiff's Motion for Injunctive Relief and Motion for Default are **DENIED**.

## I. BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. (*See* "Compl.," Doc. 1.) Plaintiff alleged nearly two dozen doctors, health care workers, and correctional officials violated his First and Eighth Amendment rights while he was incarcerated at RJD, Kern Valley State Prison ("KVSP") in Delano, California, and California State Prison Los Angeles County ("LAC") in Lancaster, California, from June 2018 through September 2022. (*Id.* at 10–55.[1]) The Complaint seeks $5 million in general and punitive damages, and injunctive relief enjoining defendants from refusing to enforce the Americans With Disabilities Act ("ADA"). (*Id.* at 56–57.) The Court dismissed the action on February 14, 2023 because Plaintiff did not pay the civil filing fee or file a motion to proceed in forma pauperis. (Doc. 4.)

On March 24, 2023, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. 5.) On June 5, 2023, the Court granted the IFP motion and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1914A(b), concluding Plaintiff had stated an Eighth Amendment claim against Defendant S. Miguel ("Defendant Miguel") but had failed to state a claim as to the remaining Defendants. (Doc. 7.) Plaintiff was given the option of filing an amended complaint that cured the deficiencies outlined in the Court's dismissal order or to notify the Court of his intent to proceed with his Eighth Amendment claim against Defendant Miguel only. (*Id.* at 17–18.) The Court

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

specifically warned Plaintiff that if he did not choose one of the two options, his case would be dismissed. (Doc. 7 at 18.)

On August 25, 2023, the Court dismissed this action for failure to prosecute because Plaintiff had not filed an amended complaint or indicated his intention to proceed only with his Eighth Amendment claim against Defendant Miguel. (Doc. 8 at 3.) On September 6, 2023, Plaintiff filed a Motion for Reconsideration indicating he had not received the Court's June 5, 2023 Order and requesting the Court vacate the dismissal for failure to prosecute. (Doc. 10.) The Court granted the Motion for Reconsideration and provided Plaintiff additional time to either notify the Court of his intention to proceed with his Eighth Amendment claim against Defendant Miguel or file an amended complaint that cured the deficiencies of the Complaint. (Doc. 12 at 3.) Plaintiff advised the Court he wished to proceed only with his Eighth Amendment claim against Defendant Miguel. (Doc. 15; *see also* Doc. 20 (advising the Court of Plaintiff's September 28, 2023 Notice to confirm Court's receipt).)

Consistent with Plaintiff's choice to proceed only with his Eighth Amendment claim against Defendant Miguel for slamming a yard door on Plaintiff's leg and wheelchair, only, on November 7, 2023, the Court dismissed all claims against all other Defendants. (Doc. 17 at 3.) The Court also directed the Clerk of the Court to issue an IFP Package—a summons as to Plaintiff's Complaint, a blank U.S. Marshal Form 285 ("Form USM-285"), and certified copies of the Court's Order and the Complaint—to Plaintiff for purposes of service. (*Id.*)

The Order directed that Plaintiff was to complete the Form USM-285 as completely and accurately as possible, including an address for service of Defendant Miguel, and to return it to the U.S. Marshal according to the instructions the Clerk provided. (*Id.*) As explained further below, the U.S. Marshal was not able to complete service of Defendant Miguel based on the information provided by Plaintiff on the Form USM-285. (Doc. 22.)

## II. DISCUSSION

Plaintiff appears to seek a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 or in the alternative an order from this Court under the All Writs Act, 28 U.S.C. 1651(a). (Doc. 19 at 2, 5–8 (referencing standards for preliminary injunctions and orders under the All Writs Act).)

### A. Plaintiff's Motion for Injunctive Relief

Plaintiff asserts that his legal mail, specifically a June 5, 2023 Order from this Court, was taken by someone[2] working at RJD. (Doc. 19 at 2 ("The Court mail[ed] Plaintiff a[n] Order on June 5, 2023, which Plaintiff never received to this day.").) Plaintiff explains that a guard had him sign a log sheet for a piece of legal mail before handing the piece of legal mail to Plaintiff. (*Id.* at 3–4.) Plaintiff signed the log sheet. (*Id.* at 4.) However, when he received the piece of mail, the envelope was already open, and it contained legal mail for a different inmate. (*Id.*) Plaintiff has attached a copy of the piece of mail and envelope that he claims to have received. (Doc. 19-2 [Ex. A] at 1–6.[3])

Plaintiff asserts that the guard that gave him the piece of legal mail "hurr[ied] out of the building" and did not wait for Plaintiff to open the piece of mail in guard's presence. (Doc. 19 at 4.) Plaintiff yelled for the floor officer, Officer Cruz, and asked him to tell the legal mail officer to come back because Plaintiff had received another inmate's mail. (*Id.*) When Officer Cruz told Plaintiff to give him the mail, Plaintiff "told him no [and to] just call the legal mail officer back." (*Id.* at 4.)

---

[2] Plaintiff references unidentified individuals working at RJD that he interacted with as "co-state actors" throughout his Motion for Injunctive Relief, however, the Court refers to them as guards or staff members.

[3] Exhibit A is a window-type envelope stamped received November 1, 2023. (Doc. 19-2 at 2–3.) The next page is a sheet with Plaintiff's name and address. (*Id.* at 4.) The final two pages are an October 26, 2023 order a case before the Ninth Circuit Court of Appeals brought by a different plaintiff. (*Id.* at 5–6.)

Plaintiff asserts that he is entitled to a preliminary injunction because further interference by staff members "will impair the Court's ability to grant Plaintiff effective relief in Plaintiff's pend[ing] civil action before this Court." (*Id.* at 5.)  Plaintiff alleges that he "will suffer irreparable harm after the next retaliation by defendants co-state actors because [if] there [is] another, the odds are not in Plaintiff's favor." (*Id.*)  Plaintiff emphasizes the importance of the mail coming from this Court and that he has no ability to control or direct the staff at the prison to properly deliver his legal mail. (*Id.* at 6.)  He also argues his mail being taken and not returned is an issue for his trial preparation. (*Id.* at 7.)  Plaintiff explains that he will have to file "motion after motion to retain the items needed to adequately litigate the civil action and this will disrupt the administration of justice." (*Id.*)

Plaintiff requests the Court order the following: (1) "reissue to Plaintiff whatever legal mail item the Court mail[ed] to Plaintiff dated received by (RJD) on November 1, 2023;" (2) that the Court make a finding "that Plaintiff's access to the Court is being interfere[d] [with] by the defendant and co-state actors[,] and that defendant Miguel be sanction[ed] by the Court in the amount of $10,000;" and (3) that all mail from this Court "be delivered to Plaintiff by the United States Marshal … and all cost and such process be funded by the defendant." (*Id.* at 8.)

### 1.   Preliminary Injunction

"A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* (formally adopting the Eighth Circuit's rule from *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  As the Ninth Circuit explained in adopting this test from *Devose v. Harrington*, it "requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.*

The relief Plaintiff seeks in a preliminary injunction—reissuance of a Court order, sanctioning Defendant Miguel for the conduct of "co-state actors," and delivery of all Court mail by the U.S. Marshal (Doc. 19 at 8)—is not "of the same nature as that to be finally granted" based on the Complaint. *Pac. Radiation Oncology, LLC*, 810 F.3d at 636 (citation omitted). In his prayer for relief in the Complaint, Plaintiff seeks financial compensation for harms suffered and the prison's compliance with the ADA. This relief is not of the same nature as the relief Plaintiff seeks in his Motion for Injunctive Relief.

Additionally, there is no nexus between Plaintiff's Eighth Amendment claim in the Complaint against Defendant Miguel and the claim raised in the Motion for Injunctive Relief regarding legal mail. Plaintiff's Complaint is proceeding only on an Eighth Amendment claim against Defendant Miguel for slamming Plaintiff's leg and wheelchair in a yard door. (Doc. 17 at 3.) There is no "relationship between the injury claimed in the motion,"—mishandling of legal mail—and "the conduct asserted in the underlying complaint—Defendant Miguel closing a door on Plaintiff and his wheelchair." *Pac. Radiation Oncology, LLC*, 810 F.3d at 636. Plaintiff's description of the staff members that allegedly took his legal mail as "co-state actors," presumably acting in concert with Defendant Miguel, does not connect that conduct to Plaintiff's claim in the Complaint. *Devose* is instructive on this point. *See Devose*, 42 F.3d at 471. The plaintiff in *Devose*, like Plaintiff here, "brought a 42 U.S.C. § 1983 action against prison officials for violating his Eighth Amendment rights." *Pac. Radiation Oncology, LLC*, 810 F.3d 636 (discussing *Devose*, 42 F.3d at 471). The prisoner plaintiff then "sought injunctive relief claiming prison official retaliated against him for bringing his lawsuit." *Id.* (citing *Devose*, 42 F.3d at 471). The court found "the prisoner's motion for injunctive relief based on retaliation by prison officials was entirely different and separate from the underlying conduct challenged in the § 1983 action" and affirmed the denial of injunctive relief. *Id.* (citing *Devose*, 42 F.3d at 471). Like the retaliation claim in *Devose*, Plaintiff's legal mail claim here is "entirely different and separate" from the conduct alleged in his underlying Eighth

1  Amendment claim against Defendant Miguel—slamming a yard door on Plaintiff and his
2  wheelchair.  *Id.* (citing *Devose*, 42 F.3d at 471).
3      Here, because Plaintiff "seeks injunctive relief based on claims not pled in the
4  complaint, the court does not have the authority to issue an injunction."  *Id.* at 633 ("A
5  court's equitable power lies only over the merits of the case or controversy before it.  When
6  a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does
7  not have the authority to issue an injunction.").  Plaintiff's request for a preliminary
8  injunction is **DENIED**.

### 2. All Writs Act

As an alternative to a preliminary injunction, Plaintiff seeks the same injunctive relief under the All Writs Act, 28 U.S.C. § 1651(a).  (Doc. 19 at 6–7.)

The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  It is "designed to aid the courts in the exercise of jurisdiction." *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances" and only when "the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and quotations omitted).

Plaintiff does not specify how the injunctive relief requested would aid the Court's exercise of its jurisdiction.  He only argues his ability to comply with pre-trial scheduling deadlines and to file timely responses to anticipated motions would be improved if the Court issued the injunctive relief requested.  (Doc. 19 at 6–7.)  This is not sufficient to warrant the relief requested under the All Writs Act.

Plaintiff's allegations regarding his legal mail do not justify imposition of sanctions against Defendant Miguel or use of the U.S. Marshal for all of Plaintiff's legal mail from this Court.  Additionally, even if there was any factual connection between the staff members that allegedly mishandled Plaintiff's legal mail from the Court and Defendant Miguel, it would not justify the imposition of $10,000 in monetary sanctions.  Similarly,

the Court is not persuaded that minimal allegations of mishandling or Plaintiff's mail from this Court justify the use of the U.S. Marshal to provide Plaintiff with all mailings from this Court.  Finally, Plaintiff's request for the Court to "reissue to Plaintiff whatever legal mail item the Court mail[ed] to Plaintiff dated received by (RJD) on November 1, 2023" does not require the use of the All Writs Act.[4]  Accordingly, Plaintiff's request for injunctive relief under the All Writs Act is **DENIED**.

### B. Plaintiff's Motion for Default

Plaintiff has filed a Motion for Default. (Doc. 25). Additionally, Plaintiff previously submitted two requests to the Clerk for entry of default against Defendant Miguel. (Doc. 23–24.) Default was not entered by the Clerk as to either because Defendant Miguel has not been served. The Form USM-285 filed in the case docket by the U.S. Marshal indicated that service was attempted by certified mail to the Litigation Coordinator at RJD, but the Defendant was not served. (*Id.* at 1.) The Form USM-285 indicates "service returned / inability to identify staff member by litigation office of [RJD] after thorough search of records [and] files." (*Id.*) The filing also includes the letter the U.S. Marshal's Service received from the Litigation Coordinator at RJD indicating they are "refusing service of the summons, waiver, and complaint due to the inability to identify any staff member with this name after a thorough search of our records and files." (*Id.* at 2.)

Before the Clerk or the Court can enter default judgment under Federal Rule of Civil Procedure 55(b), the Clerk must enter a defendant's default under Rule 55(a). However, here, Plaintiff has not met the requirements for the Clerk to enter default under Rule 55(a). Under Rule 55(a), [w]hen a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise*,

---

[4] As explained below, the Court will order the Clerk to mail Plaintiff a copy of the docket sheet for this case and copies of Docket Nos. 4, 7–8, 12, 17, and 22.  These are all the orders issued by the Court in this case (Docs. 4, 7–8, 12, 17) and the U.S. Marshal's return of Plaintiff's Form USM-285 showing service was not completed (Doc. 22).

the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Defendant Miguel has not "failed to plead or otherwise defend" because he has not been served. Until he is properly served, Defendant Miguel has no obligation to respond to the Complaint. Additionally, because there is no record of service of Defendant Miguel, his failure to plead cannot be shown by affidavit. Put another way, Plaintiff cannot meet the requirement to "show[] by affidavit or otherwise" that Defendant Miguel has "failed to plead or defend" until there is a record indicating Plaintiff's Complaint and the summons have been served.

Accordingly, Plaintiff's Motion for Default (Doc. 25) is **DENIED**.

### C.     Provision of Court Orders and Copy of the Docket Sheet

Plaintiff requests the Court provide him with the "legal mail item the Court mail[ed] to Plaintiff dated received by (RJD) on November 1, 2023." While Plaintiff indicates he did not receive the June 5, 2023 Order, he does not indicate which other Court orders he has received. Accordingly, the Court **ORDERS** the Clerk to mail Plaintiff a copy of the Docket Sheet for this case and copies of Docket Nos. 4, 7–8, 12, 17, and 22. These are all the orders issued by this Court and the Form USM-285 showing service was not completed by the U.S. Marshal.

### D.     Service of the Complaint

The letter attached to the U.S. Marshal's return of Form USM-285 indicates refusal of service because they are unable "to identify any staff member with this name after a thorough search of our records and files." (Doc. 22. at 2.) The Court directs Plaintiff to provide any additional information he can by attachment to his new Form USM-285 to assist the U.S. Marshal, with assistance from the Litigation Coordinator at RJD, in locating and serving Defendant Miguel.

### III.     CONCLUSION

Plaintiff's Motion for Injunctive Relief (Doc. 19) and Motion for Default (Doc. 25) are **DENIED**. The Court **ORDERS** the Clerk to mail Plaintiff a copy of the Docket Sheet for this case and copies of Docket Nos. 4, 7–8, 12, 17, and 22. The Court also:

1.     **DIRECTS** the Clerk to send Plaintiff a new blank Form USM-285.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order, an additional certified copy of his Complaint, and an additional copy of the summons (Doc. 18) so that he may serve Defendant Miguel.  Upon receipt of this "IFP Package," Plaintiff must complete the Form USM-285 as completely and accurately as possible, include an address where Defendant Miguel may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.  As noted above, Plaintiff should provide the U.S. Marshal with any additional information that may assist the U.S. Marshal or the Litigation Coordinator in locating Defendant Miguel for completion of service as ordered by this Court.

2.     **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint (Doc. 1) and summons (Doc. 18) upon Defendant Miguel at the address provided by Plaintiff on the Form USM-285 provided by Plaintiff, and to file an executed waiver of personal service upon Defendant Miguel with the Clerk of Court as soon as possible after its return.  Should Defendant Miguel fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM-285 Process Receipt and Return with the Clerk of Court, include the date of all efforts made to complete service and why service remains unexecuted.  All costs of service will be advanced by the United States; however, if Defendant Miguel is located within the United States, and fails without good cause to sign and return the waiver requested by the U.S. Marshal on Plaintiff's behalf, the Court will impose upon Defendant Miguel any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3.     **ORDERS** Defendant Miguel, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a

preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Miguel, or if appearance has been entered by counsel, upon Defendant Miguel's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant Miguel or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a certificate of service upon Defendant Miguel or his counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 20, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE