UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GERALD J. WILSON, CDCR #B93800, | Case No.: 3:23-cv-00250-RBM-DDL |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT** |
| vs. | |
| J. SANTANA, et al., | [Doc. 27] |
| Defendants. | |

Plaintiff Gerald J. Wilson ("Plaintiff" or "Wilson"), currently incarcerated at R.J. Donovan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, has filed "Plaintiff's Second Filed Inquiry to this Court Concerning a Ruling on Three Motions on Entry of Default Judgment and Preliminary Injunction Relief or Alternative All Writ Act 28 U.S.C. Section 1651." (Doc. 27 ("Motion for Default").) For the reasons set forth below, Plaintiff's Motion for Default is **DENIED**.

## I. BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleges nearly two dozen doctors, health care workers, and correctional and appeals officials violated his First and Eighth Amendment rights while he was incarcerated at RJD in San

1

1  Diego, Kern Valley State Prison ("KVSP") in Delano, California, and at California State
2  Prison Los Angeles County ("LAC") in Lancaster, California, from June 2018 through
3  September 2022. (*Id.* at 10–55.[1])  The Complaint seeks $5 million in general and punitive
4  damages, and injunctive relief enjoining defendants from refusing to enforce the
5  Americans With Disabilities Act ("ADA"). (*Id.* at 56–57.)  The Court dismissed the action
6  on February 14, 2023 because Plaintiff did not pay the civil filing fee or file a motion to
7  proceed in forma pauperis. (Doc. 4.)
8      On March 24, 2023, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP")
9  pursuant to 28 U.S.C. § 1915(a). (Doc. 5.)  On June 5, 2023, the Court granted Plaintiff's
10 IFP motion, screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1914A(b),
11 and concluded that Plaintiff had stated an Eighth Amendment claim against Defendant S.
12 Miguel but had failed to state a claim as to the remaining Defendants. (Doc. 7.)  Plaintiff
13 was given the option of filing an amended complaint that cured the deficiencies of pleading
14 outlined in the dismissal order or to notify the Court of his intent to proceed with his Eighth
15 Amendment claim against Defendant S. Miguel only. (*Id.* at 17–18.)
16     On August 25, 2023, the Court dismissed this action for failure to prosecute because
17 Plaintiff had not filed an amended complaint or indicated his intention to proceed only with
18 his Eighth Amendment claim against Defendant S. Miguel. (Doc. 8 at 3.)  On September
19 6, 2023, Plaintiff filed a Motion for Reconsideration indicating he had not received the
20 Court's June 5, 2023 Order and requested the Court vacate the dismissal for failure to
21 prosecute. (Doc. 10.)  The Court granted the Motion for Reconsideration and provided
22 Plaintiff additional time to either notify the Court of his intention to proceed with his Eighth
23 Amendment claim against Defendant S. Miguel or file an amended complaint that cured
24 the deficiencies of the Complaint. (Doc. 12 at 3.)

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

Plaintiff advised the Court he wished to proceed only with his Eighth Amendment claim against Defendant S. Miguel. (Doc. 15; *see also* Doc. 20 (advising the Court of Plaintiff's September 28, 2023).) In compliance with Plaintiff's choice not to amend and only proceed against Defendant S. Miguel, on November 7, 2023, the Court dismissed all claims against Defendants Santana, Frijas, Ortiz, Van Buren, Casian, Castro, Igbinosa, Montes, Bojorquez, Rimbach, Bacomfield, Rhordanz, Zepp, Furlong, Eaken, Rowland, Garcia, Ackvendo, Geiwitz, and Dole. (Doc. 17 at 3.) The Court also directed the Clerk of Court ("Clerk") to issue an "IFP Package" to Plaintiff — a summons as to Plaintiff's Complaint, a blank U.S. Marshal Form 285 ("Form USM-285"), and certified copies of the Court's Order and the Complaint — for purposes of service. (*Id.*) The Order directed Plaintiff to complete the Form USM-285 as completely and accurately as possible, including an address for service, and to return it to the U.S. Marshal according to the instructions the Clerk provided. (*Id.*)

The U.S. Marshal filed the Form USM-285 in the case docket on December 8, 2023. (Doc. 22.) The top of the Form USM-285 is filled out by Plaintiff and identifies the Defendant as "Miguel, Correctional Officer." (*Id.* at 1.) The lower portion of the Form USM-285, completed by the U.S. Marshal, indicates they were not able to complete service. (*Id.*) The Remarks portion states that service was attempted by certified mail to the Litigation Coordinator at RJD but then states "service returned/inability to identify staff member by litigation office of [RJD] after thorough search of records [and] files." (*Id.*) The filing also attaches the letter the U.S. Marshal's Service received from the Litigation Coordinator at RJD indicating they are "refusing service of the summons, waiver, and complaint due to the inability to identify any staff member with this name after a thorough search of our records and files." (*Id.* at 2.)

Plaintiff then filed two motions seeking an injunction and default judgment against Defendant S. Miguel. (Docs. 19, 25.) The Court denied those motions in a September 20, 2024 Order. (Doc. 26.) In denying Plaintiff's request for default judgment as to Defendant S. Miguel, the Court explained that default judgment could not be entered against him

because he had not been served with the Complaint.  (*Id.* at 8–10.)  However, the Court ordered the Clerk to provide Plaintiff a new blank Form USM-285, a certified copy of the Court's order, an additional certified copy of his Complaint, and an additional copy of the summons.  (Doc. 26 at 10.)  The Court also directed Plaintiff to complete the Form USM-285 as completely and accurately as possible and provide the U.S. Marshal with any additional information that might assist the U.S. Marshal or the Litigation Coordinator in locating Defendant S. Miguel for completion of service of the Complaint and summons.  (*Id.* at 9–10.)

## II. DISCUSSION

In the Motion for Default, Plaintiff argues that default should be entered against Defendant S. Miguel despite the lack of service because he is avoiding service of Plaintiff's Complaint with the help of a co-conspirator.  (Doc. 27 at 3.)  He seems to assert that some action by someone has allowed the Litigation Coordinator at RJD to "state [they] could not identify San Miguel … ."  (*Id.*)  Plaintiff asserts that Defendant S. Miguel "has been seen [on] the institutional grounds during … cell searches on November 31, 2023" and that "this Court can review [the] Building Eleven surveillance cameras from December 1, 2023 through December 31, 2023 as proof of the fact that Defendant San Miguel was identifiable at the time the U.S. Marshal served the summon[s] upon the litigation coordinator office."  (*Id.* at 3–4.)

As the Court explained in it's September 20, 2024 Order denying an injunction and default judgment, before the Clerk or the Court can enter default under Rule 55(a) against Defendant S. Miguel he must be served.  (Doc. 26 at 8–9 (quoting Federal Rule of Civil Procedure 55(a)'s requirement that a defendant "fail[] to plead or otherwise defend, and that failure [be] shown by affidavit or otherwise" and explaining he had not failed to plead because he had not been served).)  Based on the information provided by Plaintiff, the Court is not persuaded that Defendant S. Miguel is avoiding service.  While Plaintiff's assertions that Defendant S. Miguel was working at the prison at the time the U.S. Marshal attempted service could raise questions about the diligence of the Litigation Coordinator's

search, Plaintiff does not appear to have provided this information to the U.S. Marshal with the Form USM-285.

Based on the record before the Court, Plaintiff has not completed the new Form USM-285 provided by the Court for service or provided any additional information that would allow the U.S. Marshal or the Litigation Coordinator to locate and serve Defendant S. Miguel. For example, Plaintiff now refers to Defendant as San Miguel when his initial Form USM-285 only referred to him as "Miguel, Correctional Officer." (Doc. 22 at 1 (Form USM-285); Doc. 27 (identifying him repeatedly as San Miguel).) Additionally, Plaintiff appears to know which buildings Defendant S. Miguel is working in. This information might be helpful to the U.S. Marshal or Litigation Coordinator in serving him. However, nothing has been filed that indicates Plaintiff completed the new Form USM-285 provided by the Court.

Accordingly, Plaintiff's Motion for Default (Doc. 27) is **DENIED**. However, the Court again **ORDERS** the Clerk to provide Plaintiff an IFP Package and **ORDERS** service by the U.S. Marshal as detailed below.

### III.   CONCLUSION

Plaintiff's Motion for Default (Doc. 27) is **<u>DENIED</u>**. Additionally, the Court:

1. **DIRECTS** the Clerk to send Plaintiff a new blank Form USM-285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, an additional certified copy of his Complaint, and the summons (Doc. 18) so that he may serve Defendant S. Miguel. Upon receipt of this "IFP Package," Plaintiff must complete the Form USM-285 as completely and accurately as possible, include an address where Defendant S. Miguel may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides. As noted above, Plaintiff should provide the U.S. Marshal with any additional information that may assist the U.S. Marshal or the Litigation Coordinator in locating Defendant S. Miguel for completion of the service ordered by this Court.

    2.    **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint (Doc. 1) and summons (Doc. 18) upon Defendant S. Miguel at the address provided by Plaintiff on the Form USM-285 completed by Plaintiff, and to file an executed waiver of personal service upon Defendant S. Miguel with the Clerk as soon as possible after its return. Should Defendant S. Miguel fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM-285 Process Receipt and Return with the Clerk and include the date of all efforts made to complete service and explain why service remains unexecuted. All costs of service will be advanced by the United States; however, if Defendant S. Miguel is located within the United States and fails without good cause to sign and return the waiver requested by the U.S. Marshal on Plaintiff's behalf, the Court will impose upon Defendant S. Miguel any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    3.    **ORDERS** Defendant S. Miguel, once served, to respond to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

    4.    **ORDERS** Plaintiff, after service has been completed by the U.S. Marshal, to serve upon Defendant S. Miguel, or if appearance has been entered by counsel, upon Defendant S. Miguel's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document was served on Defendant S. Miguel or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed

1  with the Clerk or which fails to include a certificate of service upon Defendant S. Miguel
2  or his counsel, may be disregarded.
3        **IT IS SO ORDERED.**
4  Dated:  June 13, 2025

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE